OPINION OF THE COURT
Ernest L. Signorelli, S.
In this uncontested administration proceeding, the petitioner, who is the brother of the alleged decedent, seeks letters of administration and a determination that the alleged decedent is deceased, as well as a determination that the petitioner is the sole distributee of the alleged decedent.
The issue of the alleged decedent’s death was submitted to *1032 the court for determination predicated upon an agreed statement of facts and the report of the guardian ad litem appointed to represent the interest of the alleged decedent. That agreed statement of facts reveals that the alleged decedent, a man approximately 70 years of age, resided in an adult home in Riverhead, Suffolk County, New York. He suffered from an advanced case of Alzheimer’s disease, which resulted in his mental deterioration, and inability to provide or care for himself. On October 17, 1983 he wandered away from the adult home, without any monetary funds, leaving his clothing behind, and has not been seen or heard from since. Parenthetically, he had a history of wandering off and being returned to the adult home by the police.
Several police departments made an unsuccessful search to determine his whereabouts, and various morgues, coroner’s offices and hospitals in the metropolitan area were contacted without success. Indeed, the petitioner retained the services of a private investigator and that investigator’s search for the alleged decedent proved fruitless. The alleged decedent never married, had no issue and his parents predeceased him. Petitioner was the alleged decedent’s only sibling.
EPTL 2-1.7 creates a presumption that a person who is absent continuously for five years and who, after a diligent search, has not been seen or heard from and his absence cannot be explained, died five years after the date his absence commenced. Less than five years having elapsed since the alleged decedent’s disappearance, the petitioner is proceeding under EPTL 2-1.7 (a) (1) which provides, in pertinent part, as follows: "(1) The fact that such person [the alleged decedent] was exposed to a specific peril of death may be a sufficient basis for determining that he died less than five years after the date his absence commenced.”
EPTL 2-1.7 (a) (1) is normally invoked when a person disappears after having been involved in a catastrophic event, to wit, a shipwreck or airplane crash. Although the term "specific peril” normally connotes this type of disastrous occurrence, it is not necessarily confined to a catastrophe of that nature. In both Jacobson v Jacobson (56 NYS2d 588) and Matter of Buckham’s Will (5 NYS 565), the court was confronted with two elderly persons, who were infirm and had disappeared in the vicinity of a lake or river. Moreover, in the Buckham case the court found that the absentee’s medical condition was such that she, in all probability, could not have survived on her own for the period of time that elapsed since *1033 her disappearance. Consequently, the court found in both those cases that the death of the decedents resulted from advanced aged and an enfeebled condition, and their disappearance could not otherwise be explained.
In the case at bar, the alleged decedent’s advanced age and his medical condition, to wit, Alzheimer’s disease in its advanced state, makes it improbable that he could have survived on his own for the period of time that has elapsed since his disappearance. According to recognized medical authorities, a person suffering from an advanced stage of Alzheimer’s disease is totally helpless and, therefore, requires institutional care in order to subsist. During the course of the illness, occasional convulsive seizures may occur, together with loss of speech, motor ability, and mental faculties. (See, Harrison, Principles of Internal Medicine, at 1992 [9th ed 1981].) In this regard, it is also significant that the place of the decedent’s disappearance, i.e., Riverhead, is located near a large body of water, to wit, Peconic Bay.
The court is satisfied that the alleged decedent was exposed to a specific peril of death in view of his age and his affliction, that a diligent search was conducted to locate him, and that his absence cannot, accordingly, be otherwise explained. The guardian ad litem representing the alleged decedent filed a report wherein he recommends that all the relief sought by the petitioner be granted. Accordingly, the court concludes that the alleged decedent met his demise on the date of his disappearance, October 17, 1983.
From the affidavit of family tree attached to the instant petition, it appears that the decedent never married, had no issue and that his parents predeceased. The petitioner being the decedent’s only sibling, he is determined to be the sole distributee of this estate.
Letters of administration shall issue to William J. Downes, he having qualified according to law. Since the petitioner is the sole distributee and there are no creditors of this estate, a bond is dispensed with.